MANN, Judge.
With consummate skill, appellee’s counsel persuaded a jury that vermiculite concrete is not concrete.
Criswell ran a money museum at St. Petersburg Beach. He needed a burglar alarm system and consulted with appellant and another company in the business. He rejected the most expensive type of installation which would have detected movement within the building regardless of the method of entry, but contracted with Brinks to furnish a Grade B Central Station system. Brinks undertook to protect “with traps all inaccessible windows, and with screens (or foils or traps) all accessible windows (except stationary show windows) doors, transoms, skylights, and other openings leading from the premises, and (protect) all ceilings and floors not constructed of concrete, and all hall, partition, and party walls enclosing the premises.”
The burglars cut a hole in the vermiculite concrete roof, dropped to the top of the rest room and gained entrance through an air conditioning duct. They removed a valuable coin collection on loan to Criswell.
There is nothing in this record to show that Brinks did not install exactly what it agreed to, nor is there the slightest evidence that the system was incorrectly installed. The plans for the building, formerly used by a bank, called the roof structure “vermiculite concrete.” There is no evidence that vermiculite concrete is not concrete, nor is there any suggestion that the word “concrete" is used in the specifications for the system except in a generic sense. Webster defines concrete as “an artificial building material made by mixing cement and sand with gravel, broken stone, or other aggregate, and sufficient water to cause the cement to set and bind the entire mass.” Vermiculite may make concrete lighter, but it is still concrete.
The pivotal question is one of interpretation, not of fact, and the trial judge, who expressed doubt at the time, should have directed a verdict for failure of the plaintiff Criswell to prove a cause of action.
We need not consider the other questions raised. Brinks undertook no obligation as an insurer, breached no duty to the plaintiff, and was not negligent so far as this record shows.
Reversed and remanded.
PIERCE, C. J., and BEACH, ROBERT E., Associate Judge, concur.